SWANN BROS. & MOORE v. P. W. LOWE.

(No. 3392.)

APPEAL from Dallas County.　Opinion by WHITE, P. J.

GEO. H. PLOWMAN, counsel for appellants.

No counsel appeared for appellee.

§ 303. *Contract; evidence of breach of held insufficient.*
This was a suit brought by appellants on two notes of
hand, for $125 each, to be due December 1, 1888, and Au-
gust 1, 1889.　The consideration for these notes was cer-
tain machinery sold by appellants to appellee, Lowe, and,
as a part of the contract of sale and purchase of said ma-
chinery, the appellants warranted that said machinery,
with the proper management, would perform work well;
that if, upon setting it to work, the purchasers were not
able to make it operate well, a written notice, stating
wherein it failed to conform to the warranty, was to be
given to the appellants, and a reasonable time allowed
them to remedy the defects, if any; that, if they were not
able to make it operate well, the purchasers, rendering
friendly assistance, and the fault was in the machine, then
it was to be taken back by the appellants, and another
substituted in its place; that the use of said machine,
after ten days' trial without such notice, should be con-
clusive of satisfaction and the fulfillment of the war-
ranty.　The defendants in their answer pleaded general
demurrer, general denial, and specially pleaded that the
machine was worthless, and that the consideration for
the notes had failed.　They further pleaded that they
had already paid $100 upon the contract of purchase, for
which they prayed judgment in reconvention, as well as
$500 damages for loss of profits in failing to get the ma-
chine to work.　Plaintiffs demurred, and specially ex-
cepted to the answer of defendants, setting out eleven
grounds of special exception to the answer.　The court

overruled the plaintiffs' special exceptions, save two, as to the loss of profits and custom, which were sustained, and these two pleas stricken out. The jury returned a verdict for appellee against appellant for $100, for which judgment was rendered, with costs. There was no proof of any fraud or deceit in the sale of the machinery. The machinery was delivered to defendant on September 11, 1888. In October, 1888, he broke a portion of the machinery, and the plaintiffs repaired it. Nothing more was heard from him until after his December note became due, when he writes to the appellants as follows: "In reference to the note due you, I am sorry that I could not pay it when due. I will try and see you this week." Appellants testified that no complaint was heard from defendant until he was sued for his December note, when he came up to see them, and complained of short crops and hard luck, and offered to pay the notes if plaintiffs would dismiss the suits, and give him time, which they did, and extended the December note until August, 1889. Nothing more was heard from the defendant until June, 1889, just prior to the time his two notes became due; when he writes: "When can you come down and fix the gin? I think it can be fixed all right here, without sending it to Dallas," etc. In June or July, 1889, defendant sold the machinery to one Sims. Prior to this last sale he had used the gin from October, 1888, to June, 1889. We are of opinion that the judgment of the court below is erroneous. Appellee never gave notice, as he was required by the contract, of any imperfection in the machinery. He never requested appellants to take it back because it was worthless, and substitute good machinery in its place. He used the machinery for a year, and then sold it to a third party, and, at his instance, the time for the payment of his notes was extended; and in the face of these facts, when sued upon his notes, pleads a rescission of the contract, because the machinery was worthless, and claims that he is entitled to recover back

the $100 which he had paid in part payment of the purchase-money. We cannot give our sanction to the judgment rendered under such circumstances.

March 19, 1892.        Reversed and remanded.